# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jose J. Loera, Jr.,

        Petitioner,

Court File No.: 13-cv-2327 (ADM/SER)

v.

**REPORT AND RECOMMENDATION**

Denise Wilson,

        Respondent.

---

Jose J. Loera, Jr., *Pro Se*, No. 08376-027, FCI Sandstone, P.O. Box 1000, Sandstone, Minnesota, 55072.

James E. Lackner, Esq., United States Attorney's Office-St. Paul, 316 North Robert Street, Suite 404, St. Paul, Minnesota 55101, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Jose J. Loera, Jr.'s ("Loera") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ("Pet.") [Doc. No. 1] and Respondent Denise Wilson's (the "Government") Motion to Dismiss the Petition ("Mot. to Dismiss") [Doc. No. 5]. Loera argues in his Petition that he should be re-sentenced to correct the enhanced mandatory minimum sentence he was given. (Pet. at 4–7). Loera bases his argument on the Supreme Court's recent decision in *Alleyene v. United States*, 133 S. Ct. 2151 (June 17, 2013). *See generally* (Pet.). This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition and granting the Government's Motion to Dismiss.

I.      BACKGROUND

Currently Loera is an inmate at the Federal Correctional Institute in Sandstone, Minnesota ("FCI Sandstone"), where he is serving a 240-month sentence. (Judgment in a Criminal Case, "Judgment," Ex. D.) [Doc. No. 6-1 at 11].[1]  Loera was sentenced by United States District Court Judge Philip P. Simon of the Northern District of Indiana on May 27, 2008, after he was found guilty by a jury of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 2(a) and 841(a)(1). (Judgment at 10); (Indictment, Ex. A) [Doc. No. 6-1 at 1–2].[2]  Then,

> [a]t sentencing, the court found that Loera had been convicted of a felony drug offense in Illinois state court in 2002, mandating a 20-year minimum custodial sentence under 21 U.S.C. § 841(b). Loera argued that the prior conviction should not be counted because the surrounding facts (including whether he was represented by counsel) were not submitted to the jury and proven beyond a reasonable doubt. The court overruled Loera's objection and sentenced him to the enhanced mandatory minimum of 20 years.

*United States v. Loera*, 565 F.3d 406, 410 (7th Cir. 2009). Loera filed a direct appeal to the Seventh Circuit challenging the admissibility of evidence, the dismissal of the first indictment, and the enhancement of his sentence for a prior felony drug offense. *Id.* The Seventh Circuit affirmed, and the Supreme Court denied certiorari. *Id.* at 412; *Loera v. United States*, 558 U.S. 1035 (2009).

---

[1]  The Court refers to the pagination assigned by CM/ECF, not the original pagination of the documents.

[2]  Two indictments were filed in this case. *See Loera v. United States*, 2:07-CR-25, 2011 WL 3204859, at *1 (N.D. Ind. July 28, 2011) *aff'd*, 714 F.3d 1025 (7th Cir. 2013) ("Because the first indictment against Loera was dismissed under the Speedy Trial Act without prejudice, the government had the right to re-indict Loera, which it did on February 7, 2007."). The re-filed indictment is provided as the Government's Exhibit A.

Loera next filed a post-conviction motion to vacate his sentence or to be resentenced under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. *Loera v. United States*, 2011 WL 3204859, at *3–4. Loera's motion to vacate his sentence was denied, no certificate of appealability was issued, and his case was dismissed. *Id.* at *6; Order, *United States v. Loera*, No. 2:07-cr-00025-PPS-APR-2 (N.D. Indiana) [Doc. No. 151]. Loera appealed the district court's denial of post-conviction relief to the Seventh Circuit, but his appeal was dismissed for a failure to pay the filing fee. USCA Case Number, Order, *Loera*, No. 2:07-cr-00025-PPS-APR-2 [Doc. Nos. 152, 153]. Loera subsequently moved to have his appeal of the district court's denial of post-conviction relief reinstated, and the Seventh Circuit granted his motion. *Id.* [Doc. No. 155]. In that appeal, Loera argued that his conviction should be set aside for ineffective assistance of counsel; the Seventh Circuit affirmed the district court's denial of Loera's motion to vacate under § 2255.[3] *Loera v. United States*, 714 F.3d 1025, 1032 (7th Cir. 2013).

Loera filed his instant Petition pursuant to 28 U.S.C. § 2241 to this Court on August 26, 2013. (Pet.). Loera argues that the Supreme Court's recent decision in *Alleyne* requires a correction of his sentence.[4] *See generally* (Pet.).

## II. DISCUSSION

A motion under 28 U.S.C. § 2241 challenges the **execution** of a sentence while a motion under 28 U.S.C. § 2255 challenges the **imposition** of a sentence. *See, e.g.*, *Aragon-Hernandez v.*

---

[3] For a complete summary of Loera's ineffective assistance of counsel arguments on post-conviction appeal see *Loera v. United States*, 714 F.3d 1025, 1026–28 (7th Cir. 2013).

[4] In his Petition, Loera alludes to an argument for ineffective assistance of counsel. *See* (Pet. at 3). The Court does not address this argument as Loera has advanced no argument for why § 2255 would be inadequate to address this issue. *See generally* (Pet.). Moreover, as Loera has already filed a § 2255 motion, he would need to first present the issue to "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *see, e.g.*, *United States v. Doyle*, No. 3:94-46 (RHK), 2013 WL 5488573, at *2 (RHK) (D. Minn. Oct. 2, 2013).

3

*United States*, 13-CV-2218 (SRN/AJB), 2014 WL 468266, at *2 (D. Minn. Feb. 6, 2014) (citing *Mickelson v. United States*, No. 01–1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002). "A motion under [§] 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under [§] 2255 would be 'inadequate or ineffective.'" *Id.* (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)). This means "[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah*, 392 F.3d at 959.

The "inadequate or ineffective" requirement is the petitioner's burden and it stems from § 2255's savings clause which provides:

> [a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* (quoting 28 U.S.C. § 2255(e). To satisfy § 2255's "inadequate or ineffective" requirement "a petitioner cannot rely on that fact that there is a procedural barrier to bringing a § 2255 petition, such as a remedy being time-barred, and the petition cannot be based on the assertion that the claim was previously raised in a § 2255 motion and denied." *Lapsley v. United States*, No. 11-CV-20 (RHK/JSM), 2012 WL 2904766, at *6 (D. Minn. June 6, 2012) *report and recommendation adopted*, 2012 WL 2905605.

Loera argues § 2241 is his only option because the Supreme Court did not specifically make *Alleyne* retroactive so the issue cannot be raised in a successive § 2255 motion, and because the Supreme Court did not issue *Alleyne* until after the filing of his initial § 2255 motion

so it could not have been raised in his initial § 2255 petition. (Pet. at 2–3). Specifically, Loera argues "that his prior [state conviction] should have been considered a misdemeanor, and his Fifth and Sixth Amendment rights were violated when this prior [state conviction] was used to increase his statutory minimum," according to *Alleyne*. (*Id.* at 4). Finally, Loera argues that to comply with *Alleyne* and the Fifth and Sixth Amendments, his prior state conviction that increased his statutory minimum sentence "should have been charged in the indictment and proved beyond a reasonable doubt." (*Id.* at 6).

The Court, however, disagrees because it finds *Alleyne* does not apply to Loera's case. The Court in *Alleyne* held that facts that increase a defendant's mandatory minimum sentence must be found by a jury beyond a reasonable doubt because they are elements of the crime. 133 S.Ct. at 2163; *Aragon-Hernandez*, 2014 WL 468266, at *3 n.2. First, this District has held, in addition to other circuits and districts, that *Alleyne* does not apply retroactively to cases on collateral review. *Aragon-Hernandez*, 2014 WL 468266, at *3; *United States v. Popa*, No. 07-cr-210 (JRT/AJB), 2013 WL 5771149, at *3 (D. Minn. Oct. 24, 2013); *United States v. Doyle*, No. 3:94-cr-46 (RHK), 2013 WL 5488573, at *2 n.1 (D. Minn. Oct. 2, 2013) (noting "that at least two federal circuit courts have already determined that *Alleyne* has not been made retroactively applicable on collateral review.") (citations omitted). For example, the Seventh Circuit explained:

> *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. See also *Curtis v. United States,* 294 F.3d 841 (7th Cir.2002) (*Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

5

*Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *see also Aragon-Hernandez*, 2014 WL 468266, at *3 (citing *Simpson*, 721 F.3d at 876); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013).

Second, even if Loera could employ 28 U.S.C. § 2241, his arguments would still fail. The Eighth Circuit has explained that the general rule announced in *Alleyne*, that any fact increasing the mandatory minimum must be submitted to the jury as an element, is subject to a narrow exception to the general rule mentioned by the *Alleyne* court "for the fact of a prior conviction." *United States v. Rucker*, 545 F. App'x 567, 573 (8th Cir. 2013) (citing *Alleyne*, 133 S. Ct. at 2160 n. 1). "[T]hus, *Alleyne*'s statement that facts increasing a mandatory minimum sentence are elements to be submitted to the jury, did not overrule the Court's prior holding in *Almendarez–Torres*, that a prior conviction is not an element of an offense." *Id.* (internal citation omitted); *see also United States v. Wright*, 739 F.3d 1160, 1171 n.3 (8th Cir. 2014); *United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013) *cert. denied*, 2014 WL 1124916 (Mar. 24, 2014) (internal citations omitted) ("[T]he Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury.").

Moreover, the Government notes that Loera also received a mandatory minimum based on the weight of the drug. (Gov't's Mem. in Supp. of Mot. to Dismiss) [Doc. No. 5 at 6–7]; *see also* 21 U.S.C. § 841(b). The jury, however, made a finding as to the weight of the drug and therefore *Alleyne* is inapplicable. *Simpson*, 721 F.3d at 876–77 ("Simpson could not benefit even if *Alleyne* already had been declared retroactive, because the jury in his case returned a special verdict finding that he conspired to distribute more than one kilogram of heroin and more than 50 grams of crack. The judge later estimated his relevant conduct at 3.4 kilograms of heroin

and 300 grams of crack, but the jury's verdict by itself requires a 240-month minimum sentence under § 841(b)(1)(A) as it stood when Simpson committed his crimes."); (Jury's Verdict, Ex. B) [Doc. No. 6-1 at 6].

In this case, the sentencing court "found that Loera had been convicted of a felony drug offense in Illinois state court in 2002, [which] mandate[ed] a 20-year minimum custodial sentence under 21 U.S.C. § 841(b)." *Loera*, 565 F.3d 406, 410. Because *Alleyne* does not change the prior conviction exception it does not require that Loera's prior state conviction be submitted to a jury.[5] Therefore, the Court recommends granting the Government's motion to dismiss Loera's Petition.

Loera briefly mentions a request for the appointment of counsel. (Pet. at 1). Loera, however, provides no additional argument beyond the brief request. *See* (Pet.). The Court will nonetheless address Loera's request.

There is no constitutional or statutory right to counsel for indigent litigants in civil cases. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Title 18 U.S.C. § 3006A(a)(2)(B) provides, however, a basis for appointment of counsel in a habeas case "[w]henever the United States magistrate judge or court determines that the interests of justice so require, . . . for any financially eligible person who. . . is seeking relief under [§§] 2241, 2254, or 2255 of title 28." The decision to appoint counsel in a

---

[5] The Government notes, although it is not specifically raised in Loera's Petition, that Loera also received a mandatory minimum based on the weight of the drug. (Gov't's Mem. in Supp. of Mot. to Dismiss) [Doc. No. 5 at 6–7]; *see also* 21 U.S.C. § 841(b). The jury, however, made a finding as to the weight of the drug and therefore *Alleyne* is inapplicable. *Simpson*, 721 F.3d at 876–77 ("Simpson could not benefit even if Alleyne already had been declared retroactive, *877 because the jury in his case returned a special verdict finding that he conspired to distribute more than one kilogram of heroin and more than 50 grams of crack. The judge later estimated his relevant conduct at 3.4 kilograms of heroin and 300 grams of crack, but the jury's verdict by itself requires a 240-month minimum sentence under § 841(b)(1)(A) as it stood when Simpson committed his crimes."); (Jury's Verdict, Ex. B) [Doc. No. 6-1 at 6].

habeas petition is within the trial court's discretion. *Hoggard*, 29 F.3d at 471; *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). When considering a petitioner's motion to appoint counsel, a court should consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *McCall*, 114 F.3d at 756 (citation omitted).

After considering these factors, the Court concludes that the factual and legal issues raised in Loera's Petition are not so complex that an appointment of counsel is warranted. Based on Loera's submissions to date, it appears he has the ability to articulate and investigate the factual and legal basis of his claims to the Court. Therefore to the extent Loera seeks an appointment of counsel in relation to this action, the Court denies Loera's request.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Loera's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**; and

2. Respondent's Motion to Dismiss the Petition [Doc. No. 5] be **GRANTED** and

3. This case be **DISMISSED**.

Dated: April 10, 2014

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by April 24, 2014, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those

objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.