UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose J. Loera, Jr.,

        Petitioner,

v.

Denise Wilson, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 13-2327 ADM/SER

_____

Jose J. Loera, Jr., pro se.

James E. Lackner, Esq., United States Attorney's Office, St. Paul, MN, on behalf of Respondent.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Jose J. Loera, Jr.'s ("Loera") Objection [Docket No. 9] to Magistrate Judge Steven E. Rau's April 10, 2014 Report and Recommendation [Docket No. 8] ("R&R"). Judge Rau recommends granting the Government's Motion to Dismiss Loera's Petition Under 28 U.S.C. § 2241 [Docket No. 5]. For the reasons stated below, the Court overrules Loera's Objection, adopts Judge Rau's R&R, and grants the Government's motion to dismiss.

## II. BACKGROUND

The R&R recounts the facts relevant to Loera's petition. In short, a jury in the Northern District of Indiana found Loera guilty of conspiring to possess with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 826, and of possessing with intent to distribute more than five kilograms of cocaine in violation of 18 U.S.C. § 2(a) and 21 U.S.C. § 841(a)(1). Gov. Ex. Index [Docket No. 6] Ex. B. At sentencing, Judge Philip P. Simon of the Northern District of Indiana held Loera was subject to a 20-year minimum sentence due to

a prior state felony conviction.  Judge Simon sentenced Loera to 240 months.  Gov. Ex. Index, Ex. D; United States v. Loera, 565 F.3d 406 (7th Cir. 2009).

Loera filed a motion for post-conviction relief under 28 U.S.C. § 2255.  The district court denied the motion, and the Seventh Circuit Court of Appeals affirmed the denial.  See Loera v. United States, 714 F.3d 1025, 1032 (7th Cir. 2013).

Loera is currently an inmate at the Federal Correctional Institution in Sandstone, Minnesota (FCI-Sandstone).  On or about August 26, 2013, Loera filed the present petition under 28 U.S.C. § 2241.  Loera argues that the United States Supreme Court's recent decision, Alleyne v. United States, 133 S. Ct. 2151 (2013), requires the correction of his sentence.

### III.  DISCUSSION

#### A.  Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id. § 636(b)(1)(C).

#### B.  28 U.S.C. § 2241 and Alleyne

In the R&R, Judge Rau concluded that Loera's petition must be dismissed for two main reasons.  First, a petition under § 2255, and not under § 2241, is the mechanism by which to collaterally challenge the imposition of a sentence.  The only exception to this blanket rule is if § 2255 is "inadequate or ineffective to test the legality" of the detention.  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).  Section 2255 allows a secondary or successive challenge

only if a panel of the court of appeals finds a new rule of constitutional law has been made retroactively applicable by the Supreme Court.  28 U.S.C. § 2255(h)(2).  Applying § 2255, Judge Rau found no relief available to Loera because the Supreme Court has not made Alleyne retroactively applicable.  R&R at 5-6.

Second, the R&R recommends dismissal because even if Loera could pursue his § 2241 petition, Alleyne itself does not require a correction to Loera's sentence.  Alleyne held that every fact that increases a mandatory minimum sentence must be proven beyond a reasonable doubt to a jury.  Alleyne, 133 S. Ct. at 2163.  This holding continued the logic of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Alleyne, the Court again recognized the "narrow exception" for "the fact of a prior conviction," and held that it did not revisit this exception.  Alleyne, 133 S. Ct. at 2160 n.1.  Based on this analysis, and the subsequent case law, Judge Rau concluded that Alleyne did not afford Loera any relief because he did not have a right to submit the issue of his prior conviction to a jury.  R&R at 6.

Loera objects to the R&R, arguing Alleyne announces a new substantive rule and thus should be applied retroactively to his sentence despite the Supreme Court's failure to expressly decide retroactivity.  At the same time, Loera concedes that because the Court did not make Alleyne expressly retroactive, § 2255(h) is not available to him.  Loera thus argues his petition for habeas corpus under § 2241 is the only avenue left by which seek relief.

Several courts of appeal, and several judges in this district, have held that Alleyne does not apply retroactively, and this Court similarly follows suit.  See, e.g., In re Kemper, 735 F.3d

3

211 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875 (7th Cir. 2013); United States v. Reyes-Soto, 556 F. App'x 675 (10th Cir. 2014); Aragon-Hernandez v. United States, No. 13-2218, 2014 WL 468266 (D. Minn. Feb. 6, 2014); United States v. Hastings, No. 11-25(1), 2014 WL 1584482 (D. Minn. Apr. 21, 2014).

Loera's argument that new substantive rules should be applied retroactively is generally true, but several courts have held that Alleyne announced a procedural rule. And new rules of criminal procedure do not apply retroactively unless they are "watershed rules" that fundamentally "alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." Teague v. Lane, 489 U.S. 288, 311 (1989) (citation omitted). Again, this Court finds the guidance offered by several courts of appeal and district courts to be persuasive, and concludes Alleyne does not announce a new "watershed" procedural rule. See, e.g., United States v. Reyes, No. 13-3537, 2014 WL 2747216, at *2 (3d Cir. 2014); In re Mazzio, No. 13-2350, 2014 WL 2853722, at *2-3 (6th Cir. 2014); Chester v. Warden, 552 F. App'x 887, 891-92 (11th Cir. 2014); United States v. Popa, No. 07-210, 2013 WL 5771149, at *3 (D. Minn. Oct. 24, 2013). As a result, regardless of whether Loera brought his petition under § 2241 or § 2255, Alleyne would not retroactively apply to his case.[1]

Even if Alleyne retroactively applied, Loera would not benefit from its application. Alleyne specifically recognized that the "narrow exception" for prior convictions remained untouched. Alleyne, 133 S. Ct. at 2160 n.1. Thus, even under Alleyne, Loera did not have the

---

[1] This holding does not imply that § 2255 is "inadequate or ineffective" in this case. On the contrary, courts have rejected the argument that a procedural barrier—such as a new rule's lack of retroactivity—makes § 2255 inadequate. To the extent that argument is made here, it is similarly rejected. See, e.g., Aragon-Hernandez, 2014 WL 468266 at *3, 5.

right to submit the issue of his prior conviction to the jury. See United States v. Abrahamson, 731 F.3d 751, 752 (8th Cir. 2013) ("However, the Court in Alleyne left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury."); see also United States v. Bynum, 536 F. App'x 669, 670 (8th Cir. 2013); United States v. Willis, 541 F. App'x 730 (8th Cir. 2013); United States v. Rucker, 545 F. App'x 567, 573 (8th Cir. 2013); Hastings, 2014 WL 1584482 (D. Minn. Apr. 21, 2014).

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Jose J. Loera, Jr.'s Objection [Docket No. 9] is **OVERRULED**;

2. Judge Rau's April 10, 2014 Report and Recommendation [Docket No. 8] is **ADOPTED**;

3. Denise Wilson's Motion to Dismiss [Docket No. 5] is **GRANTED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 27, 2014.